THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DETRICK KING </br></br> Plaintiff, </br> v. </br></br> MRC #7 LLC d/b/a MAACO Retail Center </br></br> Defendant. | Civil Action No. </br></br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Detrick King ("Plaintiff"), through undersigned counsel, and files this lawsuit against MRC #7 LLC d/b/a MAACO Retail Center ("Defendant"), and for his Complaint shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant does business in the State of Georgia and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III. Parties and Facts

5.

Defendant is a Corporation that does business, and is engaged in commerce within the State of Georgia.

6.

Defendant is now and, at all times relevant hereto has been a domestic corporation engaged in an industry affecting commerce.

7.

Defendant may be served by delivering a copy of the summons and complaint at its physical address: 1826 Metropolitan Parkway Southwest, Atlanta, GA 30315.

8.

Plaintiff began working as a Paint Tech in or around April 2021.

9.

Plaintiff's hourly rate was $17.00 an hour and he was told he would receive commission for each car he completed.

10.

For one (1) or two (2) days of any given week he would work 16-18 hours at the shop, painting cars.

11.

However, Plaintiff was not getting paid any overtime for this additional work.

12.

Plaintiff informed his supervisor on several occasions regarding his concerns of not being paid appropriate overtime or commission.

13.

However, his supervisor refused to execute any changes to his pay. This continued until his wrongful termination in August 2021.

14.

Defendant stated Plaintiff's termination was due to his vandalizing the shop. However, Defendant had not terminated any other employee who did not complain about overtime pay and who took part in the same act.

15.

Plaintiff worked at least twenty-five (25) hours of overtime per week while working at Defendant.

16.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

17.

Throughout his employment with Defendant, Plaintiff has been entitled to overtime compensation for all hours worked in excess of 40 hours in a workweek.

18.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

19.

Defendant permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

20.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

21.

Throughout Plaintiff's employment, Plaintiff's job duties and the performance thereof, along with her hours worked were controlled by Defendant.

22.

Throughout his employment with Defendant, Plaintiff was economically dependent on Defendant.

23.

Plaintiff has been individually covered under the FLSA by virtue of the nature of the work he performed.

### Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

24.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

25.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay minimum wage and overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

26.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

27.

Defendant knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

28.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

29.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

30.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II

### Violation of 29 U.S.C. § 215(a)(3) (FLSA Retaliation)

31.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

32.

In August 2021, Defendant terminated Plaintiff.

33.

Defendant stated Plaintiff's termination was due to him "vandalizing" the shop with paintings on the floor. However, Defendant had not terminated any other employee who had not complained about their pay, but had committed the same acts of painting the floor.

34.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

35.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

36.

Defendants are considered a "person" under the FLSA and are prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

37.

Defendants' actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

38.

Defendants knew that their conduct violated the FLSA, and Defendants acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

39.

Defendants' violations of the FLSA were willful and in bad faith.

40.

Plaintiff engaged in statutorily protected activity under the FLSA by, *inter alia*, by opposing an employment practice he believed was unlawful under the FLSA.

41.

Plaintiff suffered adverse actions as a result of his statutorily protected conduct, *to wit*: Defendant cut his hours of work.

42.

Defendants' retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the FLSA.

43.

Plaintiff's statutorily protected activity was the motivating factor in Defendants' decision to retaliate against him.

44.

As a direct and proximate result of the retaliation, Plaintiff has suffered emotional distress, for which he is entitled to recover from Defendants.

45.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all issues of fact;

(B)   Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Dated this 21st day of September, 2021.

Respectfully submitted,

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
E-mail: jstephens@forthepeople.com

*Attorney for Plaintiff*